STEPHEN LE ROY, Respondent, *v.* THE MARKET FIRE INSUR-
ANCE COMPANY, Appellants.

Per CURIAM.    This case is distinguished from *Le Roy* v.
*The Park Insurance Company* in this, that, by one of the
conditions of the policy in this case, the representations con-
tained in the survey referred to in the policy, are made part
of the policy, and are declared to be warranties.    If war-
ranties, it was error to submit to the jury the question,
whether the particulars, in which, *at the time* when this
policy was made, the premises did not correspond with the
description, increased the risk or not.    The rule of the
charge is true of representations, but not so of warranties;
these the insurer may insist upon according to their tenor.

To assume, then, that the survey was a mere representa-
tion, and submit to the jury the question of materiality, was
error, for the policy of this company was issued after this
survey was made.

On the question, whether the survey produced was made
as a survey by the assured, and intended as the basis of the
insurances to be affected, or, on the other hand, whether
there was another survey which the plaintiff supposed was
the survey referred to in the policy, was in doubt upon the
evidence, but that did not warrant an assumption in the
charge, that there was no warranty.

If the Market Insurance company made the insurance in
good faith, in reliance upon the survey produced on the trial,
while the plaintiff supposed another survey was referred to,
it may be true that the minds of the parties did not meet in
any contract of insurance.

A new trial may throw more light upon that question.

The judgment must be reversed, and a new trial ordered,
costs to abide the event.

Judgment reversed.